UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARILYN HEMPHILL                          CIVL ACTION: 07-6735

VERSUS                                    JUDGE IVAN L.R. LEMELLE

STATE FARM FIRE AND CASUALTY              SECTION "B"
COMPANY
                                          MAGISTRATE ALMA L. CHASEZ

ORDER AND REASONS

Before the court is Plaintiff's Motion To Remand. (Rec. Doc. 5). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion To Remand is **DENIED**.

BACKGROUND

On or about August 29, 2005, Plaintiff Marilyn Hemphill's home sustained damage as a result of Hurricane Katrina. (Doc. Rec. 6). At the time the damage occurred, plaintiff had a homeowners insurance policy effective with Defendant State Farm Fire and Casualty Company. On August 27, 2007, plaintiff filed suit against the defendant in the Civil District Court for the Parish of Orleans. Plaintiff alleged that the defendant failed to provide coverage and payment for certain claims made under her homeowners insurance policy. (Rec. Doc. 6). Defendant timely removed this case on October 11, 2007. (Rec. Doc. 1).

1

**DISCUSSION**

**1. Diversity Jurisdiction**

Removal is proper when the United States district courts have original jurisdiction over the case. 28 U.S.C. § 1441(a). Further, when original jurisdiction is not based on a claim "arising under the Constitution, treaties or laws of the United States" then original jurisdiction must be satisfied by the requirements of diversity jurisdiction. 28 U.S.C. § 1441(b). Thus, the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." Id. Additionally, the amount in controversy must exceed $75,000.00 "exclusive of interests and costs...." 28 U.S.C. § 1332. Thus, all of the requirements of diversity jurisdiction pursuant to § 1332 must be satisfied for removal based on diversity to be proper. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

Because the Louisiana Code of Civil Procedure does not allow a plaintiff to specify monetary demands, a determination of the amount in controversy is necessary to decide if removal was proper. LA. CODE CIV. PROC. art. 893(A)(1). To determine the amount in controversy at the time of removal, post-removal affidavits may be considered

when the basis for jurisdiction was ambiguous at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

The Fifth Circuit has set forth guidelines for acceptable proof of proper removal when amount in controversy is at issue. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). "First, a court can determine that removal was proper if it is facially apparent that the claims are likely above" the jurisdictional amount, or second, the removing party can set forth "the facts in controversy...that support a finding of the requisite amount." *Id.* The removing party must prove by a preponderance of the evidence that amount in controversy exceeds the jurisdictional amount. *Id.* (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

The Fifth Circuit looks to the number as well as the type of claims a plaintiff alleges to decide if it is "facially apparent" that the amount in controversy has been met. See *Gebbia*, 233 F.3d at 883. In *Gebbia*, based on the large number of allegations made by the plaintiff and the types of allegations made, the court found that it supported a "substantially larger monetary basis to confer removal jurisdiction...." *Id.* Therefore, the court held that the

3

amount in controversy had been met and removal was proper. *Id.*

The court distinguished *Gebbia* from an earlier case where they gave instructions for the case to be remanded. *Id.; Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 852 (5th Cir. 1999). In *Simon*, the Fifth Circuit found that the number and type of allegations in plaintiff's complaint did not support them finding a sufficient amount in controversy to support removal. *Simon*, 193 F.3d at 851. The court stated that "[o]n the basis of Simons' allegations, we must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000." *Id.*

Here, the plaintiff's list of claims fills an entire page. The list includes claims for plaintiff's alleged past and future pain and anguish, loss of funds, loss of interest and loss of investment opportunities in addition to the many insurance based claims. This works against the plaintiff's contention that the amount in controversy does not exceed $75,000.00 as the insurance claims, statutory claims and those mentioned above substantiate a finding that the amount in controversy could be far greater than the jurisdictional amount.

Plaintiff states that since she is not claiming the full amount of the insurance policy, that amount should not

4

be used to determine the amount in controversy. (Rec. Doc. 5). However, case law suggests that using the full insurance policy limit as a measure of amount in controversy is valid: "When the dispute concerns the coverage provided by an insurance policy, the object of the litigation is the insurer's total potential liability, including the insurer's contractual liability under that policy, plus any penalties allowed by state law." *M&M Mach. Shop, Inc. v. State Farm Fire & Cas. Co.*, No. 06-10450, 2007 WL 397236, *2 (E.D.La. Feb. 1, 2007) (citing *Buras v. Birmingham Fire Ins. Co. Of Penn.*, 327 F.2d 238, 238-39 (5th Cir. 1964)).

Additionally, under Louisiana law a plaintiff is not limited in their recovery. *Warren v. Colonial Life & Accident Ins. Co.*, No. 05-788, 2005 WL 1155856, *3 (E.D.La. May 10, 2005) (citing La. C.C.P. art. 862). The plaintiff here is not claiming the full amount of the insurance policy. (Rec. Doc. 5). However, Eastern District courts have held that evidence of the available insurance policy limit is acceptable to determine the amount in controversy. Birdsall v. State Farm Fire & Cas. Co., No. 06-9471, 2007 WL 445345, *2 (E.D.La. Feb. 6, 2007). The defendant has provided the court with a figure of $178,487.87 as the policy limit available to the plaintiff after subtracting the amount already paid. (Rec. Doc. 6). This supports

5

defendant's contention that the amount in controversy exceeds $75,000.00.

Plaintiff also contends that attorney's fees and statutory penalties do not factor in to the amount in controversy. However, case law supports the defendant's contention that these amounts should be factored in to the amount in controversy. The Fifth Circuit found error in a district court's finding that subject matter jurisdiction was lacking due to amount in controversy because it failed to include the calculation of statutory damages into the amount. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998). Therefore, the statutory penalties for violation of LA. REV. STAT. § 22:1220 and LA. REV. STAT. § 22: 658 claimed by the plaintiff here should be factored into the amount in controversy determination. Additionally, "Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim." *Davis v. State Farm Fire & Cas. Co.*, No. 06-0560, 2006 WL 1581272, *3 (E.D. La. June 7, 2006). Since the plaintiff is claiming attorney's fees, these should also be factored in to the amount in controversy determination.

Finally, the plaintiff here has not renounced her right to collect damages in excess of $75,000.00. In past cases,

6

plaintiffs have stipulated that they do not believe their claim exceeds $75,000.00 as an attempt to defeat removal. However, this does not bind the plaintiff in any way. Thus, courts have found that unless a plaintiff affirmatively renounces the right to accept a judgment in excess of $75,000.00, the amount in controversy determination is not affected by a non-binding stipulation. *Davis*, 2006 WL 1581272 at *2 (citing LA. CODE CIV. PROC. art. 862; *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617, *3 (E.D.La. 2003)). Plaintiff here did not affirmatively renounce her right to collect damages in excess of $75,000.00. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion To Remand is **DENIED**.

New Orleans, Louisiana this 14th day of July, 2008.

**UNITED STATES DISTRICT JUDGE**